UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-CR-10459-06-RWZ

UNITED STATES OF AMERICA

v.

FRANCISCO LOPEZ

ORDER

May 2, 2022

ZOBEL, S.D.J.

Petitioner, Francisco Lopez, pled guilty to one count of conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). Although the sentencing guideline range was calculated at 210 to 240 months imprisonment, the parties had entered into a plea agreement that set the sentencing range at 108 to 151 months imprisonment. On June 14, 2021, the Court adopted Petitioner's recommendation and sentenced him to imprisonment for 108 months to be followed by supervised release for 3 years. Nonetheless, Petitioner has filed a Request for Compassionate Release pursuant to 18 U.S.C. § 3582. Docket #s 2348, 2441. The government opposes based on Petitioner's failure to exhaust administrative remedies and on the merits. Docket # 2364.

The parties dispute whether Petitioner has met the administrative exhaustion requirement under § 3582(c)(1)(A). Because the motion ultimately fails on the merits, this dispute need not be resolved. See United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022) (holding § 3582(c)(1)(A) administrative exhaustion requirement not jurisdictional).

1

Turning to the merits, "a motion for compassionate release may be granted upon a determination that there are 'extraordinary and compelling reasons' to warrant a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), and after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a)." United States v. Jolley, 512 F.Supp.3d 147, 148 (D. Mass. 2021). Petitioner asserts that his current medical problems—including diabetes, asthma, obesity, and long-term respiratory issues—put him at a very high risk of dying were he to contract COVID-19. However, his medical records indicate that he did contract COVID-19 in November 2020 (Docket # 2348-2 at 4) and possibly again in March 2021 (Docket # 2364-2 at 22) and that he recovered from each illness without permanent effects. In addition, he received two doses of the COVID-19 vaccination. Docket # 2364-1. Any heightened concern due to the recent surge of COVID-19 cases is further misplaced given that, as of April 29, 2022, FCI Cumberland had 0 infected inmates out of a total of 1,242 prisoners and only 1 infected staff member.[1] Petitioner offers no evidence nor even alleges that his health is compromised in any other way or is poorly managed at this facility. Moreover, Petitioner's medical problems were considered at the time of sentencing and contributed, in part, to his downward variant sentence.[2] Petitioner thus has failed to demonstrate an extraordinary and compelling reason to justify his early release.[3]

---

[1] https://www.bop.gov/coronavirus/ (last accessed May 2, 2022).
[2] To the extent Petitioner asserts that the needs of his children justify his early release, the relationship with his children and the death of the children's mother were considered during his sentencing and contributed, in part, to his downward variant sentence.
[3] Because Petitioner failed to demonstrate an extraordinary and compelling reason to justify his early release, the § 3553(a) factors need not be considered. Texeira-Nieves, 23 F.4th at 52.

2

The Motion for Compassionate Release (Docket # 2348) and the Supplemental Motion for Compassionate Release (Docket # 2441) are DENIED.

May 2, 2022
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE